IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:12-CT-3067-F

| CHRISTOPHER JOHANNE GARRIS, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| ALVIN KELLER, *et al.*, | ) | |
| | ) | |
| Defendant. | ) | |

On March 15, 2012, plaintiff Christopher Johanne Garris, a state inmate currently incarcerated at Polk Correctional Institution, filed this action pursuant to 42 U.S.C. § 1983 against Alvin Keller, whom plaintiff describes as the "Secretary of DOC," and Bob Lewis, whom plaintiff describes as "Director of DOC." The matter is now before the undersigned for frivolity review pursuant to 28 U.S.C. § 1915(e)(2)(B), and for consideration of several motions plaintiff has filed since filing his complaint.

Section 1915 provides that courts shall review complaints in which the plaintiff seeks to proceed *in forma pauperis* and dismiss any case that is "frivolous or malicious," that "fails to state a claim on which relief may be granted," or that "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i)-(iii); see Neitzke v. Williams, 490 U.S. 319, 328 (1989). A case is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke, 490 U.S. at 325. Claims that are legally frivolous are "based on an indisputably meritless legal theory and include claims of infringement of a legal interest which clearly does not exist." Adams v. Rice,

1

40 F.3d 72, 75 (4th Cir. 1994) (quotations omitted). Claims that are factually frivolous lack an "arguable basis" in fact. Neitzke, 490 U.S. at 325. The standard used to evaluate the sufficiency of the pleading is flexible, and a pro se complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam) (quotation omitted). Erickson, however, does not dispense with the "requirement that a pleading contain 'more than labels and conclusions.'" Giarratano v. Johnson, 521 F.3d 298, 304 n.5 (4th Cir. 2008) (quoting Bell Atlantic Com. v. Twombly, 550 U.S. 544, 555 (2007)); see Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949-52 (2009); Nemet Chevrolet Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255-56 (4th Cir. 2009); Francis v. Giacomelli, 588 F.3d 186, 193 (4th Cir. 2009).

Plaintiff's complaint consists of what appears to be a rough handwritten duplication of the form complaint prescribed for use by this court for *pro se* prisoner actions under § 1983. The "Statement of Claim" portion of the handwritten complaint directs the court and defendants to "See Attached Documents . . . ." Compl. 4. The documents attached to the complaint appear to consist of plaintiff's correspondence with North Carolina Prisoner Legal Services, Inc. ("NCPLS"), and several copies of administrative grievance forms apparently submitted by plaintiff, as well as an apparent response to one of the grievances. Some of these grievance forms are illegible, as they appear to be plaintiff's copy of "carbon copies" produced when he filed the grievance.

Even if all of plaintiff's documents were fully legible, his complaint fails to satisfy the pleading requirements of the Federal Rules of Civil Procedure. Pursuant to Rule 8(a)(2) of the Rules, Plaintiff must file a single, well-pleaded complaint which includes a "short and plain statement" of his claim which shows that he is entitled to relief. It is well-established that "the

requirements for pleading a proper complaint are substantially aimed at assuring that the defendant be given adequate notice of the nature of a claim being made against him . . . ." Francis, 588 F.3d at 192. Hence, at it's core, the "short and plain statement" requirement of Rule 8 is the most natural embodiment of the "notice pleading" standard established by the Rules. Id. Rule 8 is not merely a toothless preference, guideline, or ideal; it establishes a fundamental requirement and is regularly enforced by courts. Failure to comply with Rule 8 is grounds for dismissal of the complaint. See, e.g., Sewraz v. Long, 407 F. App'x 718, 718-19 (4th Cir. 2011) (unpublished decision); North Carolina v. McGuirt, 114 F. App'x 555, 558 (4th Cir. 2004) (unpublished decision). Neither the defendants, nor the court in discharging its required frivolity review, are obliged to sift through the many administrative grievance forms plaintiff has submitted in order to discern the contours and reach of his claim(s) and supporting allegations. Accordingly, in order to proceed with this action, plaintiff will be required to file a complaint, on the form prescribed for use by this court, which clearly and succinctly states his claim(s) for relief and includes all allegations supporting such claim(s). Plaintiff may attach additional sheets to the form complaint if necessary to fully describe his claim. Plaintiff may also attach documents supporting the allegations of his complaint if he so chooses. The court will undertake its required frivolity review upon plaintiff's filing of a complaint in response to this order. If plaintiff fails to file this amended complaint as instructed, this case will be dismissed due to plaintiff's failure to prosecute this action and abandonment of claims.

Plaintiff has also filed several miscellaneous motions since filing his complaint. The court will consider these in turn. Plaintiff's first motion is styled "Motion for Relief From Prison" [D.E. # 2]. The motion consists of one page and at least implicitly requests that plaintiff be removed from state prison because he does not believe he "will be treated humanely once these individuals receive

3

Case 5:12-ct-03067-F   Document 14   Filed 10/24/12   Page 3 of 6

copies of this suit which is being brought against them." This court simply has no authority to "relieve" plaintiff from state prison while his § 1983 suit is pending. Thus, the motion is due to be denied.

Plaintiff's second motion is styled "Motion for Injunctive Relief From the Department of Corrections Secretary & Director as Well as those Whom Works/are Employed by the Department of Corrections" [D.E. # 4]. This motion consists of one page and requests that "the court step in and see to that the Defendants as well as those employed by the NCDOC does not cause any revengeful acts because of this suit which is brought about to seek justice for the wrong doing of the heads of the NCDOP/NCDOC." Id. Plaintiff's motion is conclusory, is premised on his unwarranted suspicion that he will be subject to retaliation, and fails to articulate a viable basis for injunctive relief. Accordingly, the motion is due to be denied.

Plaintiff's third motion is styled "Motion for Relief From DOC to be Placed within Special Housing Outside of DOC's Housing" [D.E. # 5]. The motion once again consists of one page and again appears to request that the court somehow order that plaintiff be removed from the custody of the North Carolina Department of Corrections due to his filing of this suit. The motion is frivolous and conclusory and is due to be denied.

Plaintiff's fourth motion is styled "Motion for Appointed Council [sic]" [D.E. # 6]. Plaintiff seeks appointment of counsel because he is "in need of professional assistance with this case." Id. Although § 1915(e)(1) authorizes the court to "request an attorney to represent any person unable to afford counsel," there is no constitutional right to counsel in civil cases, and a court should exercise its discretion to "request" counsel for pro se civil litigants "only in exceptional" circumstances. Cook v. Bounds, 518 F.2d 779, 780 (4th Cir. 1975); see Whisenant v. Yuam, 739

F.2d 160, 163 (4th Cir. 1984), abrogated on other grounds by Mallard v. U.S. Dist. Court for the S. Dist. of Iowa, 490 U.S. 296 (1989). The existence of exceptional circumstances depends upon "the type and complexity of the case, and the abilities of the individuals bringing it." Whisenant. 739 F.2d at 163 (quotation omitted). The court finds that there are no exceptional circumstances warranting the appointment of counsel at this time. The facts of the case do not appear complex and plaintiff has demonstrated the ability to at least articulate his claims and communicate with the court. Accordingly, the motion for appointment of counsel is due to be denied at this time.

Plaintiff's fifth motion is styled "Motion to Ask of this Case to be Move Forward" [D.E. # 12]. In the motion, plaintiff states that he has "filed all the proper paper work required to proceed my case on to next step. So therefore I am ask that this case is move to the next step. Also I would like to demand as my right to speed up the process on this case." Id. As set forth in this order, plaintiff must file a complaint which complies with Rule 8 of the Federal Rules of Civil Procedure and permits this court to conduct its mandated frivolity review pursuant to § 1915(e)(2)(B) before his case may proceed to the "next step." Accordingly, plaintiff's motion will be denied.

Plaintiff's final pending motion is styled "Motion" and appears to request that the court enter a default judgment against defendants. Plaintiff relies upon the Federal Rules' requirement that a defendant answer a summons and complaint within a certain number of days. However, he fails to comprehend that, because he has not yet filed a complaint consistent with Rule 8 and the court has not conducted its required frivolity review, defendants have not yet been served with his summons and complaint. Thus, no answer or other responsive pleading is yet due from defendants and plaintiff is not entitled to entry of default judgment. Plaintiff's motion will be denied.

For all of the reasons stated above, it is ORDERED as follows:

a. Within thirty (30) days from the date of this order, plaintiff shall file an amended complaint which complies with Rule 8 of the Federal Rules of Civil Procedure and is consistent with the terms of this order;

b. the Clerk of Court is DIRECTED to provide plaintiff with a copy of the form prescribed for use in this district for *pro se* prisoner complaints pursuant to 42 U.S.C. § 1983;

c. plaintiff's "Motion for Relief From Prison" [D.E. # 2], "Motion for Injunctive Relief From the Department of Corrections Secretary & Director as Well as those Whom Works/are Employed by the Department of Corrections" [D.E. # 4], "Motion for Relief From DOC to be Placed within Special Housing Outside of DOC's Housing" [D.E. # 5], "Motion for Appointed Council [sic]" [D.E. # 6], "Motion to Ask of this Case to be Move Forward" [D.E. # 12], and "Motion" for default judgment [D.E. # 13] are DENIED.

SO ORDERED. This the 24th day of October, 2012.

JAMES C. FOX
Senior United States District Judge

6